996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lawrence P. KING, Jr., Plaintiff-Appellant,
v.
FEDERAL INSURANCE COMPANY, Defendant-Appellee.
 No. 92-3141.
 United States Court of Appeals, Tenth Circuit.
 June 4, 1993.
 
 Before SEYMOUR, RONEY,* and MOORE, Circuit Judges.
 ORDER AND JUDGMENT**
 SEYMOUR, Circuit Judge.
 
 
 1
 Lawrence King brought this diversity action against Federal Insurance Company (FIC) to recover proceeds from an insurance policy. FIC denied coverage, asserting that Mr. King had not established a loss of property and, in addition, that he had concealed or misrepresented a material fact or circumstance relating to the insurance under an exclusion provision. After a jury trial, the district court entered judgment for FIC. Mr. King appeals, and we affirm.
 
 
 2
 Mr. King purchased a personal articles policy from FIC to insure three diamonds and their settings. The policy covered "all risk of physical loss to property." Appellant's App. at 143. According to Mr. King, he decided to take these diamonds to New York to sell due to financial difficulties. Prior to his trip, he had the diamonds removed from their settings. On May 19, 1990, Mr. King flew from Wichita, Kansas to New York City. He alleges that somewhere between these two cities, the diamonds were either lost or stolen. Upon discovering that the diamonds were gone, Mr. King reported their loss and filed a claim with FIC. After an investigation, FIC denied coverage and Mr. King brought this action to recover the proceeds under his policy.
 
 
 3
 The district court instructed the jury as to each party's burden of proof: in order to recover, Mr. King had to show a loss of the property by a preponderance of the evidence; in order to invoke the exclusion for concealment or misrepresentation, FIC had to establish fraud by clear and convincing evidence. The case was submitted to a jury with a special verdict form, which contained two questions. The first question asked whether King had proved that the diamonds were lost or stolen. The second question asked whether FIC had proved that coverage was excluded in any event due to fraud or misrepresentation. The jury answered "no" to both questions. The district court entered judgment for FIC.
 
 
 4
 Mr. King raises two issues on appeal. First, he contends that the district court erred in entering judgment for FIC on the basis of the special verdict. He argues that, through his testimony, he established a prima facie case of loss which then shifted the burden to FIC. Since the jury found that FIC did not meet its burden to establish fraud, Mr. King asserts judgment should have been entered for him. Second, Mr. King takes issue with the jury instructions, contending that the district court incorrectly instructed the jury on the burdens of proof. He also argues that the district court erred by refusing to instruct that he was entitled to a presumption of honesty, and by refusing to give an instruction on the proper interpretation of an insurance contract.
 
 
 5
 We review de novo the question of the trial court's application of the law. In re Ruti-Sweetwater, Inc., 836 F.2d 1263, 1266 (10th Cir.1988). In diversity cases, the determination of the substance of a jury instruction is a matter of state law, while the determination of whether to grant or deny suggested jury instructions is a matter of federal law. Slane v. Jerry Scott Drilling Co., 918 F.2d 123, 126 (10th Cir.1990) (citations omitted).
 
 
 6
 We have reviewed the record and have carefully considered Mr. King's legal arguments and authorities. We are persuaded that the district court did not err in entering judgment in favor of FIC. Because of the higher standard of proof required for FIC to prove Mr. King committed fraud, the jury was not inconsistent in concluding that fraud was not established while also concluding that Mr. King had not proved it was more probable than not that the diamonds were lost or stolen. There was ample evidence to impeach Mr. King's credibility on the latter issue. Therefore, we cannot overturn the jury's determination that Mr. King failed to prove a loss by a preponderance of the evidence. In addition, we are not persuaded that the district court improperly instructed the jury.
 
 
 7
 We therefore AFFIRM the judgment of the district court.
 
 
 
 *
 The Honorable Paul H. Roney, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3